# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jethro James Hackworth, <br><br> PLAINTIFF(S) <br> v. <br><br> Blizzard Entertainment, <br><br> DEFENDANT(S) | CASE NUMBER <br><br> 8:24-cv-00025-CBM-DFM <br><br> ORDER ON REQUEST TO PROCEED <br> *IN FORMA PAUPERIS* <br> (NON-PRISONER CASE)  3 – 356 |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.     ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees.  This is what is missing:




**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☐ The District Court lacks  ☐ subject matter jurisdiction  ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:




If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

_1/22/24_                                     _/s/ CBM_
Date                                                    United States District Judge

On January 4, 2024, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (Dkt. Nos. 1, 3.) Plaintiff alleges that Defendant, the developer of the videogame "World of Warcraft Classic Hardcore," committed copyright infringement by copying protected elements from Plaintiff's book, "The Day the United States Betrayed Me." (Dkt. No. 1 at 9, 12, 23.) The alleged "intellectual property consisted of losing items upon death and different leveling attributes." (Id. at 3.) Plaintiff seeks 20 million dollars in damages. (Id. at 25.)

The Court has reviewed the Complaint for whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B). As stated below, the Complaint fails to state a claim on which relief may be granted.

"[I]deas themselves are not protected by copyright and cannot, therefore, be infringed." Frybarger v. International Business Machines Corp., 812 F.2d 525, 529 (9th Cir. 1987) (collecting cases). "[B]usiness ideas, such as a game concept, cannot be copyrighted." Anti-Monopoly, Inc. v. General Mills Fun Group, 611 F.2d 296, 300 n.1 (9th Cir. 1979). A Plaintiff "is not afforded protection for the premises or ideas underlying those games." Allen v. Academic Games League of America, Inc., 89 F.3d 614, 618 (9th Cir. 1996); see also Landsberg v. Scrabble Crossword Game Players, Inc., 736 F.2d 485, 489 (9th Cir. 1984) (finding that Scrabble strategies were unprotectable ideas); Tetris Holding, LLC v. Xio Interactive, Inc., 863 F. Supp. 2d 394, 404 (D. N.J. 2012) ("game mechanics and the rules are not entitled to protection") (collecting cases). Here, Plaintiff's alleged intellectual property of "losing items upon death and different leveling attributes" (Dkt. No. 1 at 3) is an idea, premise, or rule of a game that is not protected by copyright. Indeed, Plaintiff admits that this action is about "an idea with details embedded." (Id. at 16.) Thus, because the Complaint fails to state a claim of copyright infringement, it is dismissed.

Finally, leave to amend is not warranted. Additional factual allegations would not overcome the conclusion that the idea of "losing items upon death and different leveling attributes" (Dkt. No. 1 at 3, 16) is not protected by copyright. See Parents for Privacy v. Barr, 949 F.3d 1210, 1239 (9th Cir. 2020) ("And because Plaintiffs have not shown that any new factual allegations could alter these conclusions based on settled precedent, amendment would be futile."); Mirmehdi v. United States, 689 F.3d 975, 985 (9th Cir. 2012) (where the plaintiff's "woes are not caused by insufficient allegations of factual content, no potential amendments would change the outcome"); see also Pilkin v. Google LLC, 2021 WL 3604677, at *4 (N.D. Cal. Aug. 13, 2021) ("The Work is not subject to copyright protection, and [Plaintiff] cannot fix this fundamental problem. Therefore, amendment is futile."). Thus, the Complaint is dismissed without leave to amend, and this action is dismissed without prejudice.

*(attach additional pages if necessary)*